**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **CONGREGATION AGUDAS ACHIM,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 1:17-cv-430** |
| | § | |
| **PHILADELPHIA INDEMNITY INSURANCE COMPANY, ENGLE MARTIN & ASSOCIATES, INC. and DEAN HENGST,** | § | |
| | § | |
| *Defendants.* | § | |

**DEFENDANT PHILADELPHIA INDEMNITY INSURANCE COMPANY'S NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to 28 U.S.C. §§ 1332, 1441(b) and 1446(a), **Philadelphia Indemnity Insurance Company**, a Defendant in the above-styled case, files this Notice of Removal from the District Court of Travis County, Texas, 200th Judicial District, to the United States District Court for the Western District of Texas, Austin Division.

## INTRODUCTION

1. Plaintiff is Congregation Agudas Achim ("Plaintiff").

2. Philadelphia Indemnity Insurance Company ("Philadelphia") is a Defendant that Plaintiff has named.

3. Engle Martin & Associates, Inc. ("Engle Martin") is another Defendant that Plaintiff has named.

4. Dean Hengst is the third and last Defendant Plaintiff has named in this case.

5. Plaintiff commenced this first-party insurance case on April 19, 2017. Plaintiff has asserted causes of action against arising under Texas law against Philadelphia for allegedly breaching the insuring agreement and violating the Prompt Payment of Claims Act codified at chapter 542 of the Texas Insurance Code. Plaintiff has sued Engle Martin and Dean Hengst for allegedly violating various provisions of chapters 541 of the Texas Insurance Code.

6. Philadelphia learned of Plaintiff's filing of this lawsuit in state court on or about April 21, 2017, two days after Plaintiff commenced the action. Philadelphia is therefore timely filing this Notice of Removal, as it is removing this action "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

## Venue Is Proper

7. Pursuant to 28 U.S.C. § 1441(a), this action may be removed to this Court because it is the district and division embracing Travis County, Texas, the county in which the state court action is pending.

## BASIS FOR REMOVAL

8. This is a civil action that falls under the Court's original jurisdiction pursuant to 28 U.S.C. § 1332(a) and is one that may be removed to this Court based on diversity of citizenship in accordance with 28 U.S.C. §§ 1441 and 1446.

### A. Complete Diversity of Citizenship Exists Between Plaintiff and All Properly Joined and Served Defendants.

9. The "forum-defendant" rule provides that a civil action may not be removed to federal court on the basis of diversity of citizenship jurisdiction "if any of the parties in interest properly joined ***and served*** as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added). Thus, as will be shown below, although one of the three Defendants that Plaintiff has sued is an individual residing in Texas, that Defendant has not been served.

10. Plaintiff "is a religious organization located in, and doing business in, Travis County, Texas." Pl.'s Orig. Pet. § I, at 1 (included as a part of **Exhibit 5**).

11. Philadelphia is a corporation organized and existing under the laws of the State of Pennsylvania. *See* Affidavit of Eugene Angiolillo, attached as **Exhibit 1** (attesting to the facts that Philadelphia is incorporated in and maintains its principal place of business in Pennsylvania. *See id.*

12. Engle Martin is a corporation organized and existing under the laws of the State of Georgia. It also maintains its principal place of business in Georgia. *See* Affidavit of Jay T. Campbell, attached as **Exhibit 2**; *see also* Pl.'s Orig. Pet. § II, at 2 (alleging that Engle Martin "is, on information and belief, a for-profit corporation organized under the [laws of the] State of Georgia").

13. Defendant Dean Hengst is an individual residing in Texas. *See id.* At this time, however, Plaintiff has not obtained service of process upon Dean Hengst Miller. *See* Affidavit of Dean Hengst, attached as **Exhibit 3.**

14. A majority of the federal courts considering "snap removal," as Philadelphia seeks here, have held that 28 U.S.C. § 1441(b)(2) permits removal as long as no in-state defendant has been served. The majority of those courts have held that a *non-forum* defendant — such as Philadelphia, in this case — can remove prior to service of any in-state defendant. *See, e.g., Regal Stone Ltd. v. Longs Drug Stores Cal., L.L.C.*, 881 F. Supp. 2d 1123, 1128-29 (N.D. Cal. 2012); *In re Diet Drugs Prods. Liab. Litig.*, 875 F. Supp. 2d 474, 477 (E.D. Pa. 2012); *Carrs v. AVCO Corp.*, Civil No. 3:11-CV-3423-L, 2012 WL 1945629, at *2 (N.D. Tex. May 30, 2012); *Watanabe v. Lankford*, 684 F. Supp. 2d 1210, 1219 (D. Haw. 2010); *North v. Precision Airmotive Corp.*, 600 F. Supp. 2d 1263, 1270 (M.D. Fla. 2009).

15. Most courts following this majority approach permitted removal without consideration of whether the defendant removing the case had been served at the time of removal. *See, e.g., Poznanovich v. AstraZeneca Pharms. LP*, Civ. No. 3:11-cv-04001, 2011 WL 6180026, at *4 (D.N.J. Dec. 12, 2011) ("The Court finds that the language of the statute is plain, and, thus, adherence to the plain language is required."); *Robertson v Iuliano*, No. RDB-10-1319, 2011 WL 453618, at *2 (D. Md. Feb. 4, 2011) ("The majority of courts that have interpreted section 1441(b) apply the plain language of the statute to allow removal when none of the forum defendants have been served. . . . In this case, applying the plain meaning rule does

not lead to absurdity or an outcome at odds with congressional intent.") (citations omitted); *Boyer v. Wyeth Pharms., Inc.*, No. 12739, 2012 WL 1449246, at *2-3 (E.D. Pa. Apr. 26, 2012) ("The pre-service removal of this action by a non-forum defendant where the forum defendant had not been served prior to removal was proper under the unambiguous language of §1441(b)."); *Hutchins v. Bayer Corp.*, No. 08-640, 2009 WL 192468, at *6 & *11 (D. Del. Jan. 23, 2009) (denying motion to remand upon finding that "[t]he language of § 1441 (b) is plain and unambiguous"). These courts found there is simply no statutory requirement that the removing defendant must first have been served with the complaint.

**B. <u>The Amount in Controversy Exceeds $75,000.</u>**

16. Plaintiff's Original Petition alleges that Plaintiff "seeks monetary relief over $200,000 but not more than $1,000,000." Pl.'s Orig. Pet. § IV, at 3.

17. Plaintiff therefore seeks damages, exclusive of interest and attorney's fees, in excess of the jurisdictional minimum of $75,000.

**C. <u>Removal Is Appropriate Under the Court's Diversity Jurisdiction.</u>**

18. In light of these facts, the state court claim may be removed to this Court because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Western District of Texas; (ii) none "of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought", 28 U.S.C. § 1441(b)(2); and (iii) the amount in controversy exceeds $75,000, exclusive of interests and costs.

## FILING OF REMOVAL PAPERS

19. Pursuant to 28 U.S.C. § 1446(d), Philadelphia is providing written notice of the filing of this Notice of Removal to all other counsel of record. Further, Philadelphia is filing a copy of this Notice of Removal with the Clerk of the 200th Judicial District Court of Travis County, Texas, where Plaintiff commenced this action.

20. Philadelphia is filing the following items concurrently with this Notice of Removal, or attaching them to this Notice of Removal as required by Western District of Texas Local Rule 81.1: (a) a completed civil cover sheet, JS-44 (**Exhibit 4**); (b) an index of all documents that identifies each document and indicates the date the document was filed in state court, and copies of each such document (**Exhibit 5**); (c) all executed process in the case (**none**); a copy of the docket sheet in the state court action (**Exhibit 6**); and (d) a list of all counsel of record (**Exhibit 7**).

## OTHER REMOVAL MATTERS

21. The two other Defendants sued in this cause, Engle Martin & Associates, Inc. and Dean Hengst, and have consented to the removal of this action. 28 U.S.C. § 1446(a). *See* **Exhibit 8** (consent to removal by their attorney-in-fact).

## CONCLUSION

22. Philadelphia gives notice to the Court of their removal of the above-captioned action from the 200th Judicial District Court of Travis County, Texas, and request that further proceedings be conducted in the United States District Court for the Western District of Texas, Austin Division, as provided by law.

Dated: May 8, 2017

Respectfully submitted,

*/s/ William R. Pilat*
William R. Pilat
Texas Bar No. 00788205
Admitted in Western District of Texas
KANE RUSSELL COLEMAN LOGAN PC
5051 Westheimer Road, 10th Floor
Houston, Texas 77056
Telephone: 713-425-7400
Facsimile: 713-425-7700
E-mail: wpilat@krcl.com

**ATTORNEY-IN-CHARGE FOR DEFENDANT PHILADELPHIA INDEMNITY INSURANCE COMPANY**

**OF COUNSEL:**

Andrew J. Mihalick
Texas Bar No. 24046439
Application Pro Hac Vice Pending
5051 Westheimer Road, 10th Floor
Houston, Texas 77056
Telephone: 713-425-7400
Facsimile: 713-425-7700
Email: amihalick@krcl.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2017, a true and correct copy of the foregoing pleading was forwarded to all other counsel of record, as listed below, through the electronic case filing system of the United States District Court for the Western District of Texas:

Charles L. Levy
LAW OFFICE OF CHARLES L. LEVY
P.O. Box 459
Waco, Texas 76703

*/s/ William R. Pilat*
William R. Pilat