# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| CONGREGATION AGUDAS ACHIM | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:17-cv-430 |
| | § | |
| PHILADELPHIA INDEMNITY | § | |
| INSURANCE COMPANY, | § | |
| ENGLE MARTIN & ASSOCIATES, | § | |
| INC., and DEAN HENGST | § | |

### *ON REMOVAL FROM:*

### CAUSE NO. 2017-25426

| | | |
|---|---|---|
| CONGREGATION AGUDAS ACHIM | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| PHILADELPHIA INDEMNITY | § | |
| INSURANCE COMPANY, | § | |
| ENGLE MARTIN & ASSOCIATES, | § | |
| INC., and DEAN HENGST | § | 200TH JUDICIAL DISTRICT |

### EXHIBIT "5"

### ALL DOCUMENTS FILED IN STATE COURT

| Tab | Document Name | Filing Date |
|---|---|---|
| 1. | Plaintiff's Original Petition and Request for Disclosure | 4/19/17 |
| 2. | Defendant Philadelphia Indemnity Insurance Company's Original Answer | 5/08/17 |
| 3. | Notice of Removal to Federal Court | 5/08/17 |

# Exhibit 5-1

4/19/2017 11:41:58 PM
**Velva L. Price**
**District Clerk**
**Travis County**
**D-1-GN-17-001743**
**Carrisa Escalante**

CAUSE NO. **D-1-GN-17-001743**

| | | |
|---|---|---|
| CONGREGATION AGUDAS ACHIM, | § | IN THE DISTRICT COURT |
| PLAINTIFF, | § | |
| | § | |
| V. | § | **200TH** JUDICIAL DISTRICT |
| | § | |
| PHILADELPHIA INDEMNITY INSURANCE | § | |
| COMPANY, ENGLE MARTIN & | § | |
| ASSOCIATES, INC. AND DEAN HENGST | § | |
| DEFENDANTS. | § | TRAVIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES CONGREGATION AGUDAS ACHIM ("CAA"), Plaintiff, and files this

PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE, and complaining of

PHILADELPHIA INDEMNITY INSURANCE COMPANY, ENGLE MARTIN & ASSOCIATES,

INC., and DEAN HENGST, would show the Court as follows:

### I.
### DISCOVERY CONTROL PLAN LEVEL

CONGREGATION AGUDAS ACHIM ("CAA" or "Plaintiff") intends to conduct

discovery under Level 2 of Texas Rule of Civil Procedure 190; but it may be necessary, at a

subsequent date to conduct discovery pursuant to a Level 3 plan for discovery to tailor the

discovery to be conducted in this suit to the circumstances of this suit.

### II.
### PARTIES AND SERVICE

CAA is a religious organization located in, and doing business in, Travis County, Texas.

PHILADELPHIA INDEMNITY INSURANCE COMPANY ("PIIC"), one of the defendants

in this suit, conducts the business of insurance in the State of Texas, including the application,

*Congregation Agudas Achim v. Philadelphia Indemnity Insurance Company, Engle Martin & Associates, Inc., and Dean Hengst*
Cause No _____; in the _____ Judicial District Court, Travis County, Texas
Plaintiff's Original Petition and Request for Disclosure                                    P age 1 of 11

issuance, and delivery of the insurance contract (policy) the subject of this suit in Texas, and the handling of insurance claims, including CAA's claim in Texas.

PIIC may be served with the suit papers (process/Petition) by serving its registered agent CT Corporation System at 350 North St. Paul Street, Suite 2900, Dallas, Texas 75201 by certified mail, return receipt requested. No service is necessary at this time.

ENGLE MARTIN & ASSOCIATES, INC. ("EMA"), one of the defendants in this suit, is, on information and belief, a for-profit corporation organized under the State of Georgia, that regularly engages in the business of insurance, specifically, but necessarily limited to, adjusting insurance claims and acting as the authorized representative of PIIC in regard to insurance coverage claim decisions, including in regard to CAA's claim in issue in this suit. On information and belief EMA may be served with the suit papers (process/Petition) by serving its registered agent for service of process, Corporation Service Company dba CSC-Lawyers, Inc., 211 East 7th Street, Suite 620, Austin, Texas 78701. No service is necessary at this time.

DEAN HENGST ("HENGST") was, at all times relevant to the subject of this suit, a resident of Texas and the claims manager and national general adjuster for EMA. Hengst can be served with suit papers (process/Petition) by serving him at his place of business, 11940 Jollyville Road, Suite 330-S, Austin, Travis County, Texas 78759. No service is necessary at this time.

### III.
### JURISDICTION AND VENUE

Venue is proper in Travis County, Texas pursuant to Tex. Civ. Prac. & Rem. Code §15.002 because a substantial part of the events or omissions giving rise to this suit took place in Travis

*Congregation Agudas Achim v. Philadelphia Indemnity Insurance Company, Engle Martin & Associates, Inc., and Dean Hengst*
Cause No._____; in the _____ Judicial District Court, Travis County, Texas
Plaintiff's Original Petition and Request for Disclosure                                                    Page 2 of 11

County, Texas; and CAA's building and other property that is the subject of this suit is located in Travis County, Texas and PIIC's authorized representative adjusted the claim in issue and made decisions regarding the claim in issue in Travis County, Texas, from EMA's Austin, Travis County, Texas, office.

Further, venue is proper in Travis County, Texas, as to all defendant parties pursuant to Tex. Civ. Prac. & Rem. Code §15.005.

Pursuant to Tex. R. Civ. P. 47, CAA alleges that the damages sought in this suit are within the jurisdictional limits of the Court, and further states, also pursuant to Tex. R. Civ. P. 47, that CAA seeks monetary relief over $200,000 but not more than $1,000,000 (reserving its right to modify the amount and type of relief sought consistent with the law and facts and circumstances pertinent to this case).

IV.
**BACKGROUND FACTS**

IV.a. On April 18, 2015, CAA's building, including the building's roof, and other property were damaged by a storm.

IV.b. At the time of the storm referenced above, CAA, including its building (and the building's roof) and other property, was insured by PIIC for, among other things, "direct physical 'loss' to Covered Property caused by or resulting from a Covered Causes of Loss," as set forth in "Policy Number" PHPK1210624. ("policy" or "the policy"). The policy was in full force and effect on the date of the storm referenced above.

IV.c. CAA timely reported a claim for storm damage to PIIC in accordance with the policy and thereafter PIIC assigned the handling (adjusting) of the claim to EMA. At all times relevant to

*Congregation Agudas Achim v. Philadelphia Indemnity Insurance Company, Engle Martin & Associates, Inc., and Dean Hengst*
Cause No._____; in the _____ Judicial District Court, Travis County, Texas
Plaintiff's Original Petition and Request for Disclosure                                                                    P age 3 of 11

the allegations set forth in this Petition, PIIC acted through its authorized claim representative EMA who, among other things, held itself out to CAA as the authorized representative of PIIC regarding insurance coverage claim decisions.

IV.d.    Further, at all times relevant to the allegations set forth in this Petition, Hengst was, as represented by him, acting as EMA's claim manager for it Austin office, and also held himself out to CAA as a "National General Adjuster."

IV.e. In the course of handling (adjusting) CAA's claim, which of course included the investigation of CAA's claim, among other things EMA, through Hengst, retained the services of and estimator and retained Donan Engineering Co., Inc.

IV.f. EMA and Hengst made decisions regarding CAA's claim, at least in part, allegedly relying on Donan (and on two occasions, Donan's report). Donan's reports were not objectively prepared, minimized information that favored payment of CAA's claim, omitted consideration and/or discussion of relevant information, and failed to fully consider and/or discuss information provided to EMA and Hengst by or on behalf of CAA). In particular, Donan's second report (authored almost 2 months after Donan's "additional site study"), was so brief and so conclusory that it basically rubber-stamped Donan's prior conclusion(s), failing to discuss or mention a detailed report prepared by CAA's roofing consultant (which had been provided to EMA and Hengst). Hengst then used the Donan report, along with selective language from the report prepared by CAA's roofing consultant to justify a claim decision that resulted in the underpayment of CAA's claim in regard to the "flat portions of [CAA's] structure" (although this long delayed (under) payment made in August, 2016, was a *de facto* recognition that payment for the flat portion of the CAA's structure

*Congregation Agudas Achim v. Philadelphia Indemnity Insurance Company, Engle Martin & Associates, Inc., and Dean Hengst*
Cause No._____; in the _____ Judicial District Court, Travis County, Texas
Plaintiff's Original Petition and Request for Disclosure                                                                 P age 4 of 11

(roof) was wrongfully denied previously.

IV.g. In regard to the decisions made by PIIC and EMA regarding CAA's claim, Hengst, on information and belief (and based on correspondence purportedly authored by him) investigated, evaluated, approved and/or denied, at least in part, CAA's claim.

IV.g. The decisions made by EMA, acting through Hengst, and relied upon by PIIC in regard to the coverage decisions made on CAA's claim were part of a substandard investigation (in other words an unreasonable investigation under the facts and circumstances) which led to the denial (or partial denial), late payment of, and/or underpayment of CAA's claim.

IV.h. To be clear, Hengst, acting as an insurance adjuster, in concert with EMA, along with PIIC, CAA's insurer, undertook a course of action that wrongfully, based on an unreasonable investigation, deprived CAA of the full benefits due it under the policy.[1]

IV.i. On information and belief (and based on correspondence purportedly authored by Hengst) PIIC relied on EMA and Hengst in determining coverage under the policy and what amounts to pay CAA for its claim, failing to objectively evaluate and failing to properly follow up on information provided to it by EMA, Hengst, or those retained by Hengst as part of the handling (adjusting) of CAA's claim.

IV.j. Based on representations regarding coverage made to CAA by PIIC, EMA, and/or Hengst, full payment of CAA's claim has been delayed; and the claim has been wrongfully, at least in part, denied and/or underpaid.

---

[1]As noted above, CAA acknowledges that some payments were made by PIIC in regard to its claim, even if late or in an insufficient amount, based on its substandard investigation.

*Congregation Agudas Achim v. Philadelphia Indemnity Insurance Company, Engle Martin & Associates, Inc , and Dean Hengst*
Cause No._____; in the _____ Judicial District Court, Travis County, Texas
Plaintiff's Original Petition and Request for Disclosure                                                    P age 5 of 11

## V.
## CAUSES OF ACTION

Paragraph IV. above is, to whatever extent necessary and/or appropriate, incorporated in this paragraph V. (and each sub-part of paragraph V.) by reference, the same as if set forth in this paragraph V. verbatim.

### A.     BREACH OF CONTRACT (AGAINST PIIC)

PIIC failed or refused to pay benefits owed under the policy between it and Plaintiff. PIIC's failure, as described in the previous sentence, was a breach of the contract entered into (as set forth in the policy) between PIIC and CAA.

As a result of PIIC's breach of contract, CAA suffered damages, including, specifically, the benefits (money) properly payable under the policy for its claim (in other words, the benefit of the bargain), attorney's fees pursuant to Tex. Civ. Prac. & Rem. Code Chapter 38, and other damages allowed for by law.

### B.     NONCOMPLIANCE WITH TEXAS INSURANCE CODE - PROMPT PAYMENT OF CLAIMS (AGAINST PIIC)

By failing to pay benefits (money) due under the policy, after receiving notice of claim from CAA (a "claimant" pursuant to Tex. Ins. Code §542.051 (3)), including PIIC's payment of certain benefits (money) to CAA in an untimely manner PIIC violated the Texas Prompt Payment Act set forth in Chapter 542 of the Texas Insurance Code, including, but necessarily limited to:

Failing to accept or reject CAA's claim in a timely manner; and,

Failing to (properly/fully) pay CAA's claim in a timely manner.

Further, despite making payments to CAA on multiple occasions after the claim was

*Congregation Agudas Achim v. Philadelphia Indemnity Insurance Company, Engle Martin & Associates, Inc., and Dean Hengst*
Cause No._____; in the _____ Judicial District Court, Travis County, Texas
Plaintiff's Original Petition and Request for Disclosure                                                    Page 6 of 11

adjuster, adjusting firm, and/or claim administrator, EMA, an entity engaged in the business of insurance, is also liable for violations of Chapter 541 of the Texas Insurance Code.

EMA's and Hengst's conduct constitutes multiple violations of the Texas Insurance Code, including Unfair Claims Settlement Practices, as set forth in Tex. Ins. Code §541.060(a); made actionable by Tex. Ins. Code. §541.151, including, but necessarily limited to, the following:

(1)     Making an untrue statement of material fact and/or misrepresenting the insurance policy to CAA by making a statement in such a manner as to mislead a reasonably prudent person to a false conclusion of a material fact.

(2)     Failing to conduct a reasonable investigation and/or conducting an outcome-oriented investigation that was calculated to lead to and did lead to the underpayment of CAA's claim.

(3)     Misrepresenting the cause of CAA's damage.

(4)     Failing to document all of CAA's covered damages which resulted in the underpayment to CAA of benefits (money) under the policy.

The conduct of PIIC, EMA, and Hengst was a producing cause of CAA's actual damages, and CAA is entitled to recover such damages, along with a reasonable attorney's fee.

Further, to the extent that PIIC's, EMA's, and/or Hengst's conduct was committed knowingly, as that term is used in the Texas Insurance Code, such knowing conduct was a producing cause of CAA's actual damages; and PIIC, EMA, and Hengst are liable to CAA for treble damages as provided by law.

*Congregation Agudas Achim v. Philadelphia Indemnity Insurance Company, Engle Martin & Associates, Inc., and Dean Hengst*
Cause No._____; in the _____ Judicial District Court, Travis County, Texas
Plaintiff's Original Petition and Request for Disclosure                                    P age 8 of 11

## VI.
## CONDITIONS PRECEDENT

All condition precedents to CAA's filing of this suit and recovery under the policy, and otherwise, have occurred, been met by CAA, or have been waived by PIIC, EMA, and Hengst. Regardless, no condition precedent to CAA's recovery under the policy or in regard to the cause of action set forth in this suit now exist.

To the extent that CAA has not yet provided notice to PIIC, EMA, and/or Hengst that may be required by the Texas Insurance Code, CAA is willing to voluntarily abate proceeding in regard to its Texas Insurance Code claims (causes of action) for which notice is required.

CAA alleges that the filing of this suit at this time was in part brought about by PIIC's inclusion in the policy of a limitations provision that is not consistent with Texas law and, although CAA contends such provision is void (pursuant to Texas law), PIIC has included such void provision in the policy.

## VII.
## AGENCY

To the extent not otherwise made clear above in this Petition, it is expressly alleged that, at all relevant times in regard to the allegations and causes of action set forth in this Petition, Hengst was employed by, and acting within the course and scope of his authority for, EMA, in a managerial capacity in its Austin, Texas office. Further, it is expressly alleged that, at all relevant times in regard to the allegations and causes of action set forth in this Petition, EMA was acting on behalf of PIIC, within the scope of its authority; such authority, on information and belief (and based on correspondence authored by Hengst) to include, but necessarily be limited to, the

*Congregation Agudas Achim v. Philadelphia Indemnity Insurance Company, Engle Martin & Associates, Inc., and Dean Hengst*
Cause No._____; in the _____ Judicial District Court, Travis County, Texas
Plaintiff's Original Petition and Request for Disclosure                                    P age 9 of 11

handling (including the investigation of the claim), determination of coverage, and determination of payments to be made to CAA in regard to its claim.

### VII.

CAA requests a jury trial. The required jury fee has been or will be paid.

### IX.
### REQUEST FOR DISCLOSURE

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, CAA requests that PIIC, EMA, and Hengst, disclose, within fifty-one (51) days after the date of service of this request, the information or material described in Rule 194.2 (a) - (i).

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that PIIC, EMA, and Hengst be cited to appear and answer herein; that, upon the trial of this suit CAA have judgment against all defendant parties for its actual, and other damages, including statutory penalties, additional damages, and attorney's fees, as allowed for by law, as determined by the trier of fact; pre-judgment and post-judgment interest in accordance with the law; and such other and further relief, in law or in equity, general or special, to which CAA may show itself to be justly entitled.

Respectfully submitted,

Law Office of Charles L. Levy
P.O. Box 459
Waco, Texas 76703
Telephone: (254) 776-1770
Facsimile: (254-776-5515
Email: charlesllevy@gmail.com


By: */s/ Charles L Levy*
    Charles L Levy
    State Bar No. 12264500
    Attorney for Plaintiff

*Congregation Agudas Achim v. Philadelphia Indemnity Insurance Company, Engle Martin & Associates, Inc., and Dean Hengst*
Cause No._____; in the _____ Judicial District Court, Travis County, Texas
Plaintiff's Original Petition and Request for Disclosure                                    P age 10 of 11

*Congregation Agudas Achim v. Philadelphia Indemnity Insurance Company, Engle Martin & Associates, Inc., and Dean Hengst*
Cause No._____; in the _____ Judicial District Court, Travis County, Texas
Plaintiff's Original Petition and Request for Disclosure                                    Page 11 of 11

# Exhibit 5-2

5/8/2017 10:04:22 AM
**Velva L. Price**
**District Clerk**
**Travis County**
**D-1-GN-17-001743**
**Carlos Martin**

CAUSE NO. D-1-GN-17-001743

| | | |
|---|---|---|
| CONGREGATION AGUDAS ACHIM, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| PHILADELPHIA INDEMNITY | § | |
| INSURANCE COMPANY, | § | |
| ENGLE MARTIN & ASSOCIATES, | § | |
| INC. and DEAN HENGST, | § | |
| | § | |
| *Defendants.* | § | 200TH JUDICIAL DISTRICT |

### PHILADELPHIA INDEMNITY INSURANCE COMPANY'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF THIS COURT:

**Philadelphia Indemnity Insurance Company**, a Defendant in the above-styled and numbered cause ("Defendant"), files this Original Answer in response to Plaintiff's Original Petition, and respectfully shows the Court as follows:

### I.

### GENERAL DENIAL

As permitted by Rule 92 of the Texas Rules of Civil Procedure, Defendant enters a general denial of all the matters pled by Plaintiff, Congregation Agudas Achim ("Plaintiff"), and requests that the Court require Plaintiff to prove all of its charges and allegations by a preponderance of the evidence as required by the Constitution and laws of the State of Texas.

---

## II.

### AFFIRMATIVE DEFENSES

By way of affirmative defense, if the same should be necessary, and as permitted by Rule 94 of the Texas Rules of Civil Procedure, Defendant asserts the following as to the claims and causes of action brought against it by Plaintiff:

1.      As to Plaintiff's claims for violation of provisions of chapter 541 of the Insurance Code and for breach of the common law duty of good faith and fair dealing, Philadelphia alleges that a *bona fide* dispute exists, precluding liability and Plaintiff's recovery of damages under these extra-contractual theories. *U.S. Fire Ins. Co. v. Williams*, 955 S.W.2d 267, 268 (Tex. 1997); *see Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 17 (Tex. 1994).

2.      Pleading further and in the alternative, Defendant states that any of Plaintiff's claims or causes based upon an alleged misrepresentation, inducement or reliance on a representation fails as a matter of law because the language of an insurance policy controls and the insured has a duty to read and be familiar with the terms of his own insurance policy. *Heritage Manor of Blaylock Props., Inc. v. Petersson*, 677 S.W.2d 689, 691 (Tex. App.—Dallas 1984, writ ref'd n.r.e.); *Howard v. Burlington Ins. Co.*, 347 S.W.3d 783, 792 (Tex. App.—Dallas 2011, no pet.); *Garrison Contractors, Inc. v. Liberty Mut. Ins. Co.*, 927 S.W.2d 296, 300 (Tex. App.— El Paso 1996) ("[A]n insured has a duty to read the policy and, failing to do so, would be charged with knowledge of the policy terms and conditions."), *aff'd*, 966 S.W.2d 482 (Tex. 1998). Further, an insured is bound to the terms of the policy

whether he reads it or not. *Howard v. Burlington Ins. Co.*, 347 S.W.3d at 792 (citing *Manion v. Security Nat'l Ins. Co.*, No. 13-01-248-CV, 2002 WL 34230861, *3 (Tex. App.—Corpus Christi Aug. 15, 2002, no pet.)); *Ruiz v. Gov't Employees Ins. Co.*, 4 S.W.3d 838, 841 (Tex. App.—El Paso 1999, no pet.).

3.      Pleading further and in the alternative, Defendant asserts that under Texas law, coverage under a policy of insurance cannot be created by waiver or estoppel. *Ulico Cas. Co. v. Allied Pilots Assn.*, 262 S.W.3d 773, 778-79 (Tex. 2008) (citing *Farmers Tex. County Mut. Ins. Co. v. Wilkinson*, 601 S.W.2d 520 (Tex. Civ. App.—Austin 1980, writ ref'd n.r.e.)).

4.      Pleading further and in the alternative, Defendant asserts that if Plaintiff's damages, if any, resulted from both covered and non-covered causes of loss, Plaintiff bears the burden of segregating the damages which resulted from covered causes of loss. *See Nat'l Union Fire Ins. of Pittsburgh, Pa. v. Puget Plastics Corp.*, 735 F.Supp.2d 650, 669 (S.D. Tex. 2010); *All Saints Catholic Church v. United Nat'l Ins. Co.*, 257 S.W.3d 800 (Tex. App.—Dallas 2008, no pet.); *Feiss v. State Farm Lloyds*, 392 F.3d 802, 807 (5th Cir. 2004).

5.      Pleading further and in the alternative, Defendant asserts the defenses of waiver and estoppel as provided under applicable law.

6.      Pleading further and in the alternative, Defendant alleges that discovery in this case may show that Plaintiff failed to mitigate its damages as required by applicable law and Plaintiff's claims and causes of action may therefore be barred in whole or in part.

---

7.     Pleading further, and in the alternative, Defendant alleges that the discovery in this case may show that Plaintiff failed to mitigate its damages as required under the terms and provisions of the policy of insurance Defendant issued to Plaintiff, and that any damages Plaintiff suffered by such failure to mitigate are therefore barred.

8.     Pleading further and in the alternative, Defendant asserts the coverage language, exclusions, limitations and definitions in the policy of insurance Defendant issued to Immanuel UCC under number PHPK1210624, including but not limited the following:

   a.   *Property Coverage Form* (PI-ULT-007 11.98), as modified by *Texas Changes* endorsement (PI-ULT-043 01.01):

   **A. Coverage**

   We will pay for direct physical "loss" to Covered Property caused by or resulting from any of the Covered Causes of Loss.

   **1. Covered Property**

   Covered Property, as used in this Coverage Form, means the following types of property for which a Limit of Insurance is shown in the Declarations.

   **a. Your Business Personal Property,** and similar property of others in your care, custody or control:

   (1) Located in or on the **"buildings"** described in the Declarations or within 1,000 feet of the described premises . . .

   **b. "Buildings"** described in the Declarations....

   \*   \*   \*

   **B. Exclusions**

   See the Causes of Loss Form.

   **E. Loss Conditions**

   The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions:

3. **Duties In The Event Of Loss Or Damage**

   a.  You must see that the following are done in the event of "loss" to Covered Property:

*  *  *

      (2)  Give us prompt notice of the "loss" or damage. Include a description of the property involved.

      (3)  As soon as possible, give us a description of how, when and where the "loss" or damage occurred.

      (4)  Take all reasonable steps to protect the Covered Property from further damage by and of the Covered Causes of Loss.  If feasible, set the damaged property aside and in the best possible order for examination.  Also, keep a record of your expenses for emergency and temporary repairs, for consideration in settlement of the claim.  This will not increase the Limit of Insurance.

      (5)  At our request, give us complete inventories of the damaged and undamaged property. Include quantities, cost, values, and amount of "loss" claimed.

      (6)  As often as may be reasonably required, permit us to inspect the property and records proving the "loss".

           Also permit us to take samples of damaged and undamaged property for inspection, testing, and analysis, and permit us to make copies from your books and records.

      (9)  Send us a signed, sworn proof of loss containing the information we request to investigate the claim. You must do this within 60 days after our request. We will supply you with the necessary forms.

      (10) Cooperate with us in the investigation or settlement of the claim.

4. **Loss Payment**

   a.  In the event of "loss" to Covered Property covered by this Coverage form, at our option, we will either:

      (1)  Pay the value of lost or damaged property;

      (2)  Pay the cost of repairing or replacing the lost or damaged property;

      (3)  Take all or any part of the property at an agreed or appraised value; or

(4) Repair, rebuild or replace the property with other property of like kind and quality.

**7. Valuation**

We will determine the value of Covered Property in the event of "loss" as follows:

**a.** At replacement cost (without deduction for depreciation) as of the time of "loss", except as provided in b., c., d., e., f., g., and h. below.

(1) We will not pay more for "loss" on a replacement costs basis than the least of:

(a) The Limit of Insurance applicable to the lost or damaged property;

(b) The cost to replace the lost or damaged property with other property:

(i) Of comparable material and quality; and

(ii) Used for the same purpose; or

(c) The amount you actually spend that is necessary to repair or replace the lost or damaged property.

(2) We will not pay on a replacement cost basis for any "loss".

(a) Until the lost or damaged property is actually repaired or replaced; and

(b) Unless the repairs or replacement are made as soon as reasonably possible after the "loss".

If the repairs or replacement are not made as soon as reasonably possible after the "loss", the value of the property will be actual cash value.

b. *Causes of Loss Form* (PI-ULT-008 11.98), as modified by *Limitations on Fungus, Wet Rot, Dry Rot and Bacteria* endorsement (PI-ULT-072 (10/10)):

**A. Covered Causes of Loss**

Covered Causes of Loss means Risks of Direct Physical Loss unless the "loss" is:

1. Excluded in Section B., Exclusions; or

2. Limited in Section C., Limitations;

---

that follow.

**B. Exclusions**

    2.   We will not pay for "loss" caused by or resulting from any of the following:

        d.  (1)  Wear and tear;

             (2)  Rust, corrosion, decay, deterioration, spoilage, contamination, hidden or latent defect or any quality in property that causes it to damage or destroy itself.

             (4)  Settling, cracking, shrinking or expansion;

    3.   We will not pay for "loss" caused by or resulting from any of the following.  But if "loss" by a Covered Cause of Loss results, we will pay for that resulting "loss".

        c.   Faulty, inadequate or defective:

             (2)  Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;

             (3)  Materials used in repair, construction, renovation or remodeling; or

             (4)  Maintenance.

             Of part or all of any property on or off the described premises.

**C. Limitations**

    1.   We will not pay for "loss" to:

        c.   The interior of any "buildings", or to personal property in "buildings", caused by or resulting from rain, snow, sleet, ice, sand or dust, whether driven by wind or not, unless:

             (1)  The "buildings" first sustain damage by a Covered Cause of Loss to their roof or walls through which the rain, snow, ice, sand or dust enters; or

             (2)  The "loss" is caused by or results from thawing of snow, sleet or ice on the "buildings".

c.   *Limitations on Fungus, Wet Rot, Dry Rot and Bacteria* endorsement (PI-ULT-072 (10/10)):

**A. Coverage**

    1.   We will pay for "loss" or damage by "fungus," wet or dry rot or bacteria that is the result of fire or lightning.

2. a. We will also pay for loss or damage by "fungus," wet or dry rot or bacteria that is the result of one or more of the following causes that occurs during the policy period. Coverage applies only if all reasonable means were used to save and preserve the property from further damage at the time of and after that occurrence.

    (1) A "specified cause of loss" other than fire or lightning;

    (2) Water that backs up or overflows from a sewer, drain or sump; or

    (3) Water under the ground surface pressing on, or flowing or seeping through:

        (a) Foundations, walls, floors or paved surfaces;

        (b) Basements, whether paved or not;

        (c) Doors, windows or other openings; or

    (4) "Flood," if the Flood Endorsement applies to the affected premises.

  b. The term loss or damage as used in Item 2.a. means:

    (1) Direct physical "loss" or damage to Covered Property caused by "fungus," wet or dry rot or bacteria, including the cost of removal of the "fungus," wet or dry rot or bacteria;

    (2) The cost to tear out and replace any part of the building or other property as needed to gain access to the "fungus," wet or dry rot or bacteria; and

    (3) The cost of testing performed after removal, repair, replacement or restoration of the damaged property is completed, provided there is a reason to believe that "fungus," wet or dry rot or bacteria are present.

3. The amount we will pay for coverage described in 2.a. above is limited as described in B. Limits of Insurance and C. Additional Conditions – Business Income and/or Extra Expense.

**B. Limits of Insurance**

1. The most we will pay for all "loss" or damage for coverage described in A.1. above is the Limit of Insurance for Covered Property shown in the Declarations.

2. a. The most we will pay for all loss or damage for coverage described in A. 2. above is limited to $15,000:

---

(1) Regardless of the number of claims arising out of all occurrences which take place in a 12 month period, starting with the beginning of the present annual policy period; and

(2) Even if the "fungus," wet or dry rot or bacteria continues to be present or active, or recurs in a later policy period.

   b. The $15,000 Limit of Insurance is included within, and is not in addition to, the applicable Limit of Insurance for any Covered Property.

d. *Multiple Deductible Form (Fixed Dollar Deductibles)* (PI-ULT-089 (06.05)):

### SCHEDULE*

The Deductibles applicable to any one occurrence are shown below:

| Prem. No. | Bldg. No. | Deductible | Covered Causes of Loss |
|---|---|---|---|
| 0001 | 0001 | 5000 | (2) |
| 0001 | 0001 | 25000 | (5) |
| 0001 | 0002 | 5000 | (2) |
| 0001 | 0002 | 25000 | (5) |
| 0001 | 0002 | 5000 | (2) |
| 0001 | 0002 | 25000 | (5) |

\* Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

\*\* For each Deductible listed in this Schedule, enter the number corresponding to the Covered Cause(s) of Loss to which that Deductible applies (or enter the description):

   (1) All Covered Causes of Loss

   (2) All Covered Causes of Loss **except** those listed separately

   (3) Water Damage

   (4) Lightning

   (5) Windstorm or Hail

   (6) Theft

   (7) "Ice Damming"

The following is added to the DEDUCTIBLE section:

A. In the event that loss or damage occurs to Covered Property at more than one building location as a result of one occurrence, the largest applicable deductible for that Covered Cause of Loss, shown in the Schedule above or in the Declarations, will apply.

B. The terms of this endorsement do not apply to any Earthquake Deductible or to any Windstorm or Hail Percentage Deductible.

e. *Commercial Property Conditions* (CP 00 90 07 88), as modified by *Texas Changes* endorsement (PI-ULT-043 01.01):

### D. LEGAL ACTION AGAINST US

No one may bring a legal action against us under this Coverage Part unless:

a. There has been full compliance with all of the terms of the Coverage Part; and

b. The action is brought within 2 years and one day after the date on which the direct physical "loss" occurred.

### H. POLICY PERIOD, COVERAGE TERRITORY

Under this Coverage Part:

1. We cover loss or damage commencing

a. During the policy period shown in the Declarations.

9.      Pleading further and in the alternative, Defendant asserts the other coverage language, exclusions, limitations, definitions and defenses reflected in the policy of insurance Defendant issued to Plaintiff.

10.     Pleading further and in the alternative, Defendant would show that Plaintiff's damages, if any, are capped by the limits reflected for such amounts alleged in the policy of insurance Defendant issued to Plaintiff.

11.     Pleading further and in the alternative, Defendant pleads the applicability of the excessive demand doctrine, which precludes Plaintiff from recovering the fees and expenses of its attorney in this action. *See Findlay v. Cave*, 611 S.W.2d 57, 58 (Tex. 1981).

---

<u>PRAYER</u>

BASED ON THE FOREGOING, Defendant Philadelphia Indemnity Insurance Company, having fully answered, prays that upon final hearing and trial, the claims and causes of action Plaintiff Congregation Agudas Achim has brought against such Defendant be dismissed with prejudice, that Plaintiff take nothing by its claims and causes of action, and that such Defendant obtain such other relief and further relief to which it may be justly entitled.

Respectfully submitted,

**KANE RUSSELL COLEMAN LOGAN PC**

By: _____/s/ William R. Pilat_____
     William R. Pilat
     State Bar No. 00788205
     E-mail: wpilat@krcl.com
     Andrew J. Mihalick
     State Bar No. 24046439
     Email: amihalick@krcl.com
5051 Westheimer Road, 10th Floor
Houston, Texas 77056
Telephone: 713-425-7400
Facsimile: 713-425-7700

## CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2017, a true and correct copy of the foregoing *Original Answer* was served upon all other counsel of record, as listed below, by filing this instrument with the electronic service provider for the Travis County District Courts:

Charles L. Levy
LAW OFFICE OF CHARLES L. LEVY
P.O. Box 459
Waco, Texas 76703

*/s/   William R. Pilat*
William R. Pilat

# Exhibit 5-3

CAUSE NO. D-1-GN-17-001743

| | | |
|---|---|---|
| CONGREGATION AGUDAS ACHIM, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| PHILADELPHIA INDEMNITY | § | |
| INSURANCE COMPANY, | § | |
| ENGLE MARTIN & ASSOCIATES, | § | |
| INC. and DEAN HENGST, | § | |
| | § | |
| *Defendants.* | § | 200TH JUDICIAL DISTRICT |

## DEFENDANT PHILADELPHIA INDEMNITY INSURANCE COMPANY'S NOTICE OF REMOVAL TO FEDERAL COURT

TO THE HONORABLE JUDGE OF THIS COURT:

PLEASE TAKE NOTICE that pursuant to federal law, **Philadelphia Indemnity Insurance Company**, a Defendant in the above-numbered and entitled cause, has filed with the Clerk of the United States District Court for the Western District of Texas, Austin Division, a *Notice of Removal*, a copy of which is attached to and filed with this Notice as **Exhibit "A,"** and that this action is removed to the United States District Court for the Southern District of Texas for trial as of this date, May 8, 2017. This Court is respectfully requested to take no further action in this matter, unless and until such time as the action may be remanded by order of the United States District Court.

Respectfully submitted,

KANE RUSSELL COLEMAN LOGAN PC

By:   */s/   William R. Pilat*
     William R. Pilat
     State Bar No. 07788205
     E-mail: wpilat@krcl.com
     Andrew J. Mihalick
     State Bar No. 24046439
     Email: amihalick@krcl.com
5051 Westheimer Road, 10th Floor
Houston, Texas 77056
Telephone: 713-425-7400
Facsimile: 713-425-7700

ATTORNEYS FOR DEFENDANT PHILADELPHIA
INDEMNITY INSURANCE COMPANY

## CERTIFICATE OF SERVICE

     I certify that on May 8, 2017, a true and correct copy of the foregoing *Notice of Removal to Federal Court* was forwarded to all other known counsel of record, as listed below, via e-Filing with the electronic service provider for the Travis County District Courts:

     Charles L. Levy
     LAW OFFICE OF CHARLES L. LEVY
     P.O. Box 459
     Waco, Texas 76703

               */s/   William R. Pilat*
               William R. Pilat

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CONGREGATION AGUDAS ACHIM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:17-cv-430 |
| | § | |
| PHILADELPHIA INDEMNITY | § | |
| INSURANCE COMPANY, | § | |
| ENGLE MARTIN & ASSOCIATES, | § | |
| INC. and DEAN HENGST, | § | |
| | § | |
| Defendants. | § | |

DEFENDANT PHILADELPHIA INDEMNITY INSURANCE
COMPANY'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to 28 U.S.C. §§ 1332, 1441(b) and 1446(a), **Philadelphia Indemnity Insurance Company**, a Defendant in the above-styled case, files this Notice of Removal from the District Court of Travis County, Texas, 200th Judicial District, to the United States District Court for the Western District of Texas, Austin Division.

### INTRODUCTION

1.      Plaintiff is Congregation Agudas Achim ("Plaintiff").

2.      Philadelphia Indemnity Insurance Company ("Philadelphia") is a Defendant that Plaintiff has named.

3.      Engle Martin & Associates, Inc. ("Engle Martin") is another Defendant that Plaintiff has named.

4.      Dean Hengst is the third and last Defendant Plaintiff has named in this case.

5.      Plaintiff commenced this first-party insurance case on April 19, 2017. Plaintiff has asserted causes of action against arising under Texas law against Philadelphia for allegedly breaching the insuring agreement and violating the Prompt Payment of Claims Act codified at chapter 542 of the Texas Insurance Code. Plaintiff has sued Engle Martin and Dean Hengst for allegedly violating various provisions of chapters 541 of the Texas Insurance Code.

6.      Philadelphia learned of Plaintiff's filing of this lawsuit in state court on or about April 21, 2017, two days after Plaintiff commenced the action. Philadelphia is therefore timely filing this Notice of Removal, as it is removing this action "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

## VENUE IS PROPER

7.      Pursuant to 28 U.S.C. § 1441(a), this action may be removed to this Court because it is the district and division embracing Travis County, Texas, the county in which the state court action is pending.

BASIS FOR REMOVAL

8.      This is a civil action that falls under the Court's original jurisdiction pursuant to 28 U.S.C. § 1332(a) and is one that may be removed to this Court based on diversity of citizenship in accordance with 28 U.S.C. §§ 1441 and 1446.

**A.    Complete Diversity of Citizenship Exists Between Plaintiff and All Properly Joined and Served Defendants.**

9.      The "forum-defendant" rule provides that a civil action may not be removed to federal court on the basis of diversity of citizenship jurisdiction "if any of the parties in interest properly joined *and served* as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added). Thus, as will be shown below, although one of the three Defendants that Plaintiff has sued is an individual residing in Texas, that Defendant has not been served.

10.     Plaintiff "is a religious organization located in, and doing business in, Travis County, Texas." Pl.'s Orig. Pet. § I, at 1 (included as a part of **Exhibit 5**).

11.     Philadelphia is a corporation organized and existing under the laws of the State of Pennsylvania. *See* Affidavit of Eugene Angiolillo, attached as **Exhibit 1** (attesting to the facts that Philadelphia is incorporated in and maintains its principal place of business in Pennsylvania. *See id.*

12.     Engle Martin is a corporation organized and existing under the laws of the State of Georgia. It also maintains its principal place of business in Georgia. *See* Affidavit of Jay T. Campbell, attached as **Exhibit 2**; *see also* Pl.'s Orig. Pet. § II, at 2 (alleging that Engle Martin "is, on information and belief, a for-profit corporation organized under the [laws of the] State of Georgia").

13.     Defendant Dean Hengst is an individual residing in Texas. *See id.* At this time, however, Plaintiff has not obtained service of process upon Dean Hengst Miller. *See* Affidavit of Dean Hengst, attached as **Exhibit 3**.

14.     A majority of the federal courts considering "snap removal," as Philadelphia seeks here, have held that 28 U.S.C. § 1441(b)(2) permits removal as long as no in-state defendant has been served. The majority of those courts have held that a *non-forum* defendant — such as Philadelphia, in this case — can remove prior to service of any in-state defendant. *See, e.g., Regal Stone Ltd. v. Longs Drug Stores Cal., L.L.C.*, 881 F. Supp. 2d 1123, 1128-29 (N.D. Cal. 2012); *In re Diet Drugs Prods. Liab. Litig.*, 875 F. Supp. 2d 474, 477 (E.D. Pa. 2012); *Carrs v. AVCO Corp.*, Civil No. 3:11-CV-3423-L, 2012 WL 1945629, at *2 (N.D. Tex. May 30, 2012); *Watanabe v. Lankford*, 684 F. Supp. 2d 1210, 1219 (D. Haw. 2010); *North v. Precision Airmotive Corp.*, 600 F. Supp. 2d 1263, 1270 (M.D. Fla. 2009).

15.     Most courts following this majority approach permitted removal without consideration of whether the defendant removing the case had been served at the time of removal. *See, e.g., Poznanovich v. AstraZeneca Pharms. LP*, Civ. No. 3:11-cv-04001, 2011 WL 6180026, at *4 (D.N.J. Dec. 12, 2011) ("The Court finds that the language of the statute is plain, and, thus, adherence to the plain language is required."); *Robertson v Iuliano*, No. RDB-10-1319, 2011 WL 453618, at *2 (D. Md. Feb. 4, 2011) ("The majority of courts that have interpreted section 1441(b) apply the plain language of the statute to allow removal when none of the forum defendants have been served. . . . In this case, applying the plain meaning rule does

not lead to absurdity or an outcome at odds with congressional intent.") (citations omitted); *Boyer v. Wyeth Pharms., Inc.*, No. 12739, 2012 WL 1449246, at *2-3 (E.D. Pa. Apr. 26, 2012) ("The pre-service removal of this action by a non-forum defendant where the forum defendant had not been served prior to removal was proper under the unambiguous language of §1441(b)."); *Hutchins v. Bayer Corp.*, No. 08-640, 2009 WL 192468, at *6 & *11 (D. Del. Jan. 23, 2009) (denying motion to remand upon finding that "[t]he language of § 1441 (b) is plain and unambiguous"). These courts found there is simply no statutory requirement that the removing defendant must first have been served with the complaint.

B.   **The Amount in Controversy Exceeds $75,000.**

16.   Plaintiff's Original Petition alleges that Plaintiff "seeks monetary relief over $200,000 but not more than $1,000,000." Pl.'s Orig. Pet. § IV, at 3.

17.   Plaintiff therefore seeks damages, exclusive of interest and attorney's fees, in excess of the jurisdictional minimum of $75,000.

C.   **Removal Is Appropriate Under the Court's Diversity Jurisdiction.**

18.   In light of these facts, the state court claim may be removed to this Court because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Western District of Texas; (ii) none "of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought", 28 U.S.C. § 1441(b)(2); and (iii) the amount in controversy exceeds $75,000, exclusive of interests and costs.

### FILING OF REMOVAL PAPERS

19.     Pursuant to 28 U.S.C. § 1446(d), Philadelphia is providing written notice of the filing of this Notice of Removal to all other counsel of record. Further, Philadelphia is filing a copy of this Notice of Removal with the Clerk of the 200th Judicial District Court of Travis County, Texas, where Plaintiff commenced this action.

20.     Philadelphia is filing the following items concurrently with this Notice of Removal, or attaching them to this Notice of Removal as required by Western District of Texas Local Rule 81.1: (a) a completed civil cover sheet, JS-44 (**Exhibit 4**); (b) an index of all documents that identifies each document and indicates the date the document was filed in state court, and copies of each such document (**Exhibit 5**); (c) all executed process in the case (**none**); a copy of the docket sheet in the state court action (**Exhibit 6**); and (d) a list of all counsel of record (**Exhibit 7**).

### OTHER REMOVAL MATTERS

21.     The two other Defendants sued in this cause, Engle Martin & Associates, Inc. and Dean Hengst, and have consented to the removal of this action. 28 U.S.C. § 1446(a). *See* **Exhibit 8** (consent to removal by their attorney-in-fact).

### CONCLUSION

22.     Philadelphia gives notice to the Court of their removal of the above-captioned action from the 200th Judicial District Court of Travis County, Texas, and request that further proceedings be conducted in the United States District Court for the Western District of Texas, Austin Division, as provided by law.

Dated:  May 8, 2017

Respectfully submitted,

_____/s/   *William R. Pilat*_____
William R. Pilat
Texas Bar No. 00788205
Admitted in Western District of Texas
KANE RUSSELL COLEMAN LOGAN PC
5051 Westheimer Road, 10th Floor
Houston, Texas 77056
Telephone:  713-425-7400
Facsimile:   713-425-7700
E-mail:  wpilat@krcl.com

ATTORNEY-IN-CHARGE FOR DEFENDANT
PHILADELPHIA INDEMNITY INSURANCE
COMPANY

OF COUNSEL:

Andrew J. Mihalick
Texas Bar No. 24046439
Application Pro Hac Vice Pending
5051 Westheimer Road, 10th Floor
Houston, Texas 77056
Telephone:  713-425-7400
Facsimile:   713-425-7700
Email:  amihalick@krcl.com

---

## CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2017, a true and correct copy of the foregoing pleading was forwarded to all other counsel of record, as listed below, through the electronic case filing system of the United States District Court for the Western District of Texas:

Charles L. Levy
LAW OFFICE OF CHARLES L. LEVY
P.O. Box 459
Waco, Texas 76703

_____ /s/   William R. Pilat_____
William R. Pilat